CAUSE NO. **C-1374-16-G** _____

| | | |
|---|---|---|
| MARIBEL RODRIGUEZ | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| ALLSTATE TEXAS LLOYD'S | § | |
| AND BRENDA GUICHET | § | |
| *Defendants* | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **MARIBEL RODRIGUEZ,** complaining of **ALLSTATE TEXAS LLOYD'S AND BRENDA GUICHET,** and for cause of action would show:

### I. DISCOVERY

1. This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff is a resident of Hidalgo County, Texas.

3. Defendant Allstate Texas Lloyd's is a Texas Corporation engaging in the business of insurance in the State of Texas. The defendant may be served with process by serving its registered agent for the State of Texas: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Defendant Brenda Guichet is an individual licensed to engage in the business of adjusting insurance claims in Texas. This defendant can be served at an Allstate Vehicle and Property Insurance Company's office located at P.O. Box 672041, Dallas, Texas 75267 or wherever found.

### III. JURISDICTION & VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court. The

Case 7:16-cv-00256 Document 1-4 Filed in TXSD on 05/19/16 Page 2 of 12

C-1374-16-G

Electronically Filed
3/25/2016 10:53:08 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

court has jurisdiction over Defendant Allstate Texas Lloyd's (hereinafter "Allstate") because it is engaging in the business of insurance in the State of Texas and over Defendant Brenda Guichet (hereinafter "Guichet") because she is an adjuster for Allstate who operates out of an Allstate office in Texas. Venue is proper in this county because the insured property is situated in Hidalgo County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

## IV. FACTS

6. Plaintiff is the owner of the Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Allstate.

7. Plaintiff owns the insured property, located at 3212 Flamingo Avenue, McAllen, Texas 78504 (hereinafter referred to as "the Property").

8. Allstate sold the Policy insuring the property to Plaintiff.

9. On or about March 26, 2015, Plaintiff sustained extensive physical damage to the insured Property. During the late afternoon and evening hours of March 26, 2015, strong supercell thunderstorms moved through the McAllen, Texas area producing heavy rains, and damaging wind and hail.

10. Plaintiff submitted claims to the Defendants against the policy for damages to the Property as a result of the March 26, 2015 storm. Plaintiff requested that the Defendants cover the costs of these repairs pursuant to the policy they entered into with the Defendants.

11. The Plaintiff reported the damage to the covered Property to the Defendant Allstate. The Defendant wrongfully denied Plaintiff's claim for full repairs to the Property, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiff. Additionally, the Defendant under-scoped damages during its inspections, investigations, and payment and made representation that the policy the Plaintiff has with

Case 7:16-cv-00256 Document 1-4 Filed in TXSD on 05/19/16 Page 3 of 12
C-1374-16-G
Electronically Filed
3/25/2016 10:53:08 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

Defendant specifically excluded some repairs.

12. As of the date of this filing, the Defendant continue to delay in the payment for the damages to the property. As a result, Plaintiff has not been paid the full value of the damages suffered to her home.

13. Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the policy. In spite of a demand for proceeds to be paid out in an amount sufficient to cover the damaged property, Defendant Allstate has categorically refused to pay the full proceeds available under the policy. Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiff. Defendant Allstate's conduct constitutes a breach of the insurance contract between Plaintiff and Defendant.

14. Defendant Allstate has misrepresented to Plaintiff there was no damage to areas of the home that were damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

15. Defendant Allstate failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

16. Defendant Allstate failed to adequately explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant Allstate failed to offer Plaintiff adequate compensation, and misrepresented its explanation for why full payment was not being made. Furthermore, Defendant Allstate did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide

Case 7:16-cv-00256 Document 1-4 Filed in TXSD on 05/19/16 Page 4 of 12

C-1374-16-G

Electronically Filed
3/25/2016 10:53:08 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

any explanation for the failure to adequately settle Plaintiff's claim. Defendant Allstate's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

17. Defendant Allstate refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant Allstate failed to conduct a reasonable investigation. Specifically, Defendant Allstate performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

18. Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex Ins. Code §542.056.

19. Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for her claim. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

20. Since the date Plaintiff presented her claim to Defendant Allstate, the liability of Defendant Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Allstate has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Allstate's conduct constitutes a breach of the common law duty of

Case 7:16-cv-00256   Document 1-4   Filed in TXSD on 05/19/16   Page 5 of 12

C-1374-16-G

Electronically Filed
3/25/2016 10:53:08 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

good faith and fair dealing.

21. Defendant Allstate knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiff.

22. As a result of Defendant Allstate's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

## V. CAUSES OF ACTION

**Causes of Action against Allstate and Elizabeth Guichet's Noncompliance with Texas Insurance Code: Unfair Settlement Practices**

23. Defendants, Allstate and Guichet's, conduct constitute multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.151.

24. Defendant, Guichet, is liable for its unfair and deceptive acts, irrespective of the fact it was acting on behalf of Allstate, because it is a "person" as defined by TEX. INS. CODE. §541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE. §541.002(2) (emphasis added). (See also *Liberty Mutual insurance Co. V Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

25. Defendants, Allstate and Guichet's, unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair

Case 7:16-cv-00256   Document 1-4   Filed in TXSD on 05/19/16   Page 6 of 12
C-1374-16-G
Electronically Filed
3/25/2016 10:53:08 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(1).

26. The unfair settlement practices of Defendants, Allstate and Guichet, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitute an unfair methods of competition and an unfair and deceptive acts or practices in the business of insurance. TEX. INS. CODE. §541.060(a)(3).

27. Defendants, Allstate and Guichet's, unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.0609(a)(7).

### Fraud against all Defendant Parties

28. Defendants Allstate and Guichet are liable to Plaintiff for common law fraud.

29. Defendants made material misrepresentations to Plaintiff as to the extent of her damages, the need for repairs, the quality of their services, and the extent of the coverage provided by the Policy of those damages. Each and every one of the representations, as described above, concerned material facts relied upon by Plaintiff which Defendants, Allstate and Guichet, knew were false or made recklessly without any knowledge of their truth as a positive assertion.

30. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements proximately causing Plaintiff to suffer injury and damages as described herein below.

### Conspiracy to Commit Fraud against all Defendant Parties

Case 7:16-cv-00256   Document 1-4   Filed in TXSD on 05/19/16   Page 7 of 12

C-1374-16-G

Electronically Filed
3/25/2016 10:53:08 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

31. Defendants Allstate and Guichet are liable to Plaintiff for conspiracy to commit fraud. Defendants Allstate and Guichet were members of a combination of two or more persons whose object was to accomplish an unlawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants, Allstate and Guichet, committed an unlawful, overt act to further the object of the conspiracy. Plaintiff suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST ALLSTATE ONLY

32. Defendant Allstate is liable to Plaintiff for breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

### Breach of Contract

33. Defendant Allstate's conduct as described *supra* constitutes a breach of the insurance contract made between Allstate and Plaintiff.

34. Defendant Allstate's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiff which proximately caused Plaintiff the loss of the policy benefits.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

35. Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.060(A). All violations under this article are made actionable by TEX. INS. CODE. §541.151.

36. Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair

Case 7:16-cv-00256 Document 1-4 Filed in TXSD on 05/19/16 Page 8 of 12

C-1374-16-G

Electronically Filed
3/25/2016 10:53:08 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(1).

37. Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(2)(A).

38. Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(3).

39. Defendant Allstate's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(4).

40. Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(7).

**Noncompliance with Texas Insurance Code: The Prompt Payment of Claims**

Case 7:16-cv-00256   Document 1-4   Filed in TXSD on 05/19/16   Page 9 of 12

C-1374-16-G

Electronically Filed
3/25/2016 10:53:08 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

41. Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE. §542.060.

42. Defendant Allstate's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, and pay the full amount of the claim, as described above, constitutes a non-prompt payment of claim and a violation of the TEX. INS. CODE §542.056(a).

### Breach of Duty of Good Faith and Fair Dealing

43. Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

44. Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim when Allstate knew, or should have known, by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing which proximately caused Plaintiff's damages as described herein below.

### KNOWLEDGE

45. The acts of Defendants are in violation of the Insurance Code described above were done "knowingly," as that item is used in the Texas Insurance Code, and were producing causes of Plaintiff's damages described herein.

### VI. DAMAGES

46. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the proximate or producing causes of the damages sustained by Plaintiff.

Case 7:16-cv-00256 Document 1-4 Filed in TXSD on 05/19/16 Page 10 of 12

C-1374-16-G

Electronically Filed
3/25/2016 10:53:08 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

47. As previously mentioned, the damages caused by the storms described above rendered Plaintiff's property substantially damaged. These damages have not been properly addressed or repaired in the months since the storm, causing further damages to the Property and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants', Allstate and Guichet's, mishandling of Plaintiff's claim in violation of the laws set forth above.

48. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorneys' fees.

49. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs and attorney's fees.

50. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE. §542.060.

51. For breach of the Common Law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

52. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorneys' fees, interest and court costs.

53. For the prosecution and collection of this claim, Plaintiff has been required to retain the services of the undersigned attorneys and is entitled to recover their reasonable and necessary attorneys' fees.

Case 7:16-cv-00256 Document 1-4 Filed in TXSD on 05/19/16 Page 11 of 12

C-1374-16-G

Electronically Filed
3/25/2016 10:53:08 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

54. As a result of the knowing violations of the Texas Insurance Code, Plaintiff is entitled to recover treble damages pursuant to the provisions of the Texas Insurance Code.

55. In accordance with Rule 47, as amended, and with the information currently available, Plaintiff seeks monetary relief between $200,000.00 (two-hundred thousand) and $1,000,000.00 (one-million) dollars.

## VII. WRITTEN DISCOVERY

### Requests for Disclosure

56. Under Texas Rule of Civil Procedure 194, plaintiff requests that defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

**Plaintiff's 1st Requests for Production to Defendants Allstate and Elizabeth Guichet**

57. Please produce a copy of your entire claims file, including memos, emails, estimates, records, a complete copy of the policy, letters, evaluations, etc. If you make claim of privilege for any documents requested in this request for production, then pursuant to TRCP 193.3(b), consider this Plaintiff's request that you identify the information and material withheld and the specific privilege asserted by producing a privilege log of each document withheld.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself

Case 7:16-cv-00256 Document 1-4 Filed in TXSD on 05/19/16 Page 12 of 12

C-1374-16-G

Electronically Filed
3/25/2016 10:53:08 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

justly entitled.

    Respectfully submitted,

    LAWRENCE LAW FIRM
    3112 Windsor Rd., Suite A234
    Austin, Texas 78703
    (956) 994-0057
    (800) 507-4152 FAX

    By: _____

    LARRY W. LAWRENCE, JR.
    State Bar No. 00794145

    MICHAEL LAWRENCE
    State Bar. No. 24055826
    Lawrencefirm@gmail.com

    Cartwright Law Firm, LLP
    1300 Post Oak Blvd, Suite 760
    Houston, Texas 77056
    (713) 840-0950
    (713) 840-0046 (fax)
    Mr. Dan Cartwright
    State Bar No. 03942500

    Ms. Lory Sopchak
    State Bar No. 24076706
    Lory@dcartwrightlaw.net

    ATTORNEYS FOR PLAINTIFF